```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NORTH DAKOTA
                        NORTHEASTERN DIVISION
```

| | | |
|---|---|---|
| Geico General Ins. Co.,<br>a Maryland Corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | Case No. 2:06-cv-31 |
| | ) | |
| Larry J. Henry, Kathy J. Henry,<br>Travis Henry and<br>Jennie DeCoteau, the legal heir<br>to the Estate of<br>Keaton DeCoteau, deceased, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Geico General Insurance Company ("Geico") has moved for default judgment against Larry J. Henry, Kathy J. Henry, Travis Henry ("the Henrys"), and Jennie DeCoteau (doc. #4). For the reasons discussed below, Geico's motion is **DENIED** in part and **DEFERRED** in part. The Court holds the Henrys are in default as the law of the case but defers judgment against all defendants until the merits of this case have been resolved.

### II. Facts

The documents in this case allege that on October 1, 2005, Travis Henry was driving an Oldsmobile automobile that struck an all-terrain vehicle, allegedly causing the death of Keaton DeCoteau. On March 16, 2006, Geico filed its complaint for declaratory relief, seeking a holding that it has no duty to indemnify or defend the Henrys in any lawsuit arising from the

1

October 1 accident (doc. #1).  According to Geico, the Oldsmobile automobile was no longer insured under the Henrys' insurance policy with Geico.

On June 16, Geico moved for default judgment because no Defendant had filed an answer or otherwise defended against the complaint (doc. #4).  On July 20, DeCoteau moved for an extension of time to file an answer (doc. #8).  On July 25, DeCoteau filed an answer challenging Geico's complaint (doc. #12).  On July 31, Magistrate Judge Karen K. Klein granted DeCoteau's motion for extension of time and accepted her answer (doc. #13).

**III. Discussion**

Federal Rule of Civil Procedure 55(a) allows for the entry of default when a party has failed to plead or otherwise defend: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  In cases that involve more than one defendant, judgment can be entered against less than all the defendants before the end of litigation:  "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b).

Default judgment is not favored in the law because it is a strong procedural penalty that does not reach the merits of the case. See U.S. on behalf of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (stating default judgment is not favored and differentiating between default judgment for failure to observe time requirements and default judgment as a penalty). District courts have strong discretion in deciding whether to enter a default judgment. Id. An answer, even if it is filed late, is an appearance under Rule 55. See id. (holding the defendant's late answer was sufficient appearance to require notice before default judgment could be entered).

At the time Decoteau filed her late answer, no default had been entered against her. Because default judgment is not favored in the law, Judge Klein had discretion to grant the extension to file an answer. DeCoteau filed her answer prior to Judge Klein's granting of an extension. However, the extension was granted, so DeCoteau has properly appeared in the action. Therefore, entering default judgment against her would be inappropriate. The Court **DENIES** Geico's motion to enter default judgment against DeCoteau, and she is allowed to continue in the case and present the merits of her defense.

The issue now is whether default judgment should be entered against the Henrys who have still not defended against the complaint, regardless of DeCoteau's defense in the case. The

situation in which one similarly-situated defendant prevails on the merits while another similarly-situated defendant suffers a default judgment can create inconsistent judgments.  <u>Angelo Iafrate Const., LLC v. Potashnick Const., Inc.</u>, 370 F.3d 715, 722 (8th Cir. 2004).  "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party."  <u>Id.</u>  Such a situation would occur here if DeCoteau prevails on the merits of the case while the Henrys suffer a default judgment.  If the Court entered a default judgment against the Henrys, Geico would have a court order stating it had no duty to indemnify or defend the Henrys in any lawsuit regarding the death of Keaton DeCoteau.  However, if DeCoteau prevailed on the merits, she would have a court order in her favor stating Geico did have to indemnify and defend the Henrys, completely inconsistent with the default judgment against the Henrys.

   The better approach to remedy this problem is for the courts to defer judgment against the defaulting party until the merits have been resolved.  <u>Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.</u>, 978 F.2d 430, 433 (8th Cir. 1992).  That is the best approach to take in this case.  The Henrys will have a default entered against them, so they will not be able to defend against the lawsuit later.  DeCoteau, however, will be able continue with her defense to sufficiently protect her potential claim regarding the accident.  If she does not prevail on the merits, judgment can be entered against all the defendants.

4

However, if she does prevail, the Henrys will be able avail themselves to that decision. Therefor, the Court **DEFERS** judgment against the Henrys pending the resolution of the merits.

### IV. Conclusion

Geico's motion is **DENIED** in part and **DEFERRED** in part. The Court holds the Henrys are in default as the law of the case but defers judgment against all defendants until the merits of this case have been resolved. Geico and DeCoteau are to proceed with the case and, with the help of Magistrate Judge Karen K. Klein, set a date for trial at the pretrial scheduling and discovery conference.

**IT IS SO ORDERED.**

Dated this 20th day of November, 2006.

RODNEY S. WEBB, District Judge
United States District Court